UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALMA CHAVEZ, individually, and as (Proposed) Special Administratrix of the Estate of RAFAEL ALONSO OLIVAS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; CHRISTOPHER GRIVAS, individually and in his official capacity; DAVID HAGER, individually and in his official capacity; SHERIFF DOUGLAS C. GILLESPIE, individually and in his official capacity; DOE OFFICERS I-X; DOES XI-XX, inclusive,<br><br>　　　　　Defendants. | 2:11-CV-01445-LRH-GWF<br><br>ORDER |

Before the court is Defendants' Partial Motion to Dismiss (#11[1]). Plaintiff filed an opposition (#16), to which Defendants replied (#23).

**I.  Facts and Procedural History**

This is a civil rights and wrongful death action arising out of the shooting death of Plaintiff Alma Chavez' son, Rafael Alonso Olivas, by officers of the Las Vegas Metropolitan Police Department ("LVMPD"). According to the Complaint (#1), in the early morning hours of July 14, 2011, Plaintiff called 911 to request assistance from LVMPD's crisis intervention team ("CIT") to

---

[1]Refers to the court's docket entry number.

get help for Rafael, who suffered from a medical condition and had been arguing with Plaintiff and a female friend.  Rafael became further upset upon hearing Plaintiff call the police and grabbed a kitchen knife and went outside.  Plaintiff so informed the dispatcher.  Shortly thereafter, LVMPD officers (not with the CIT) arrived, took up positions, and within two minutes shot and killed Rafael.  Plaintiff was within 50 to 100 yards of Rafael and did not hear the officers give any commands or warnings or attempt to have him surrender before the shots were fired.  The officers then prevented Plaintiff from approaching and comforting Rafael, and they handcuffed him as blood oozed from his mouth and body.  Plaintiff further alleges that the officers purposefully delayed requesting or administering medical care so that Rafael would expire.

On September 8, 2011, Plaintiff, on behalf of herself and as the proposed representative of Rafael's estate, filed this action under 42 U.S.C. § 1983 and state law against LVMPD and Officer Christopher Grivas, Officer David Hager and Sheriff Douglas Gillespie in their individual and official capacities.  The complaint contains six causes of action: (1) excessive force in violation of Rafael's rights under the Fourth, Fifth and Fourteenth Amendments; (2) deprivation of Plaintiff's individual right to familial relations under the First, Fourth and Fourteenth Amendments; (3) municipal liability under § 1983; (4) wrongful death; (5) negligence; and (6) negligent supervision and training.

Defendants now move to dismiss certain claims and defendants for failure to state a claim, including (1) the claims against Officers Grivas and Hager and Sheriff Gillespie in their official capacities; (2) all claims against Sheriff Gillespie; (3) Plaintiff's individual claim in the First Cause of Action; (4) the Fifth Amendment claims in the First Cause of Action; and (5) the Fourteenth Amendment claims in the First Cause of Action.

**II.     Legal Standard**

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must satisfy the notice pleading standard of Rule 8(a)(2).  *See*

2

*Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (internal quotation marks omitted). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* (citation omitted). However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (alteration in original) (internal quotation marks omitted). The court discounts these allegations because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).

### III. Discussion

#### A. Official Capacity Claims

"There is no longer a need to bring official capacity actions against local government officials [in their official capacities], for under *Monell* . . . local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Because an official capacity suit against a municipal officer is equivalent to a suit against the government entity, the court may dismiss the officer as a redundant defendant where both the officer and the entity are named. *Center for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dept.*, 533 F.2d 780, 799 (9th Cir. 2008). Accordingly, Defendants contend, and Plaintiff does not dispute, that the official capacity claims against Officers Grivas and Hager and Sheriff Gillespie are duplicative of Plaintiff's claims against LVMPD. The claims are therefore subject to dismissal, even if Plaintiff were correct that the pleading of such claims is not necessarily improper. The official capacity claims shall be dismissed accordingly.

#### B. Sheriff Gillespie, Individually

Defendants next move to dismiss the remaining individual capacity claims against Sheriff Gillespie based on Plaintiff's failure to allege any personal involvement. Under § 1983, supervisory officials are not vicariously liable for actions of their subordinates. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). Rather, a supervisor may be held liable if there exists either (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). Supervisory liability may be based on policy implementation rather than personal participation where the policy is "so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id.* (internal quotations and citation omitted).

Here, there are no allegations that Sheriff Gillespie was personally involved in the shooting

4

of Rafael. Nor does the complaint include any non-conclusory, specific factual allegations to support a plausible claim that Sheriff Gillespie implemented a policy that itself was a repudiation of constitutional rights or was the moving force behind the shooting. Plaintiff's allegation that Sheriff Gillespie ratified the officers' conduct is insufficient, as such conduct occurred only after the alleged constitutional violation was complete. *See id.*; *Hutchinson v. Grant*, 796 F.2d 288, 291 (9th Cir. 1986). The individual capacity claims against Sheriff Gillespie shall be dismissed accordingly. Further, as no other claims remain against Sheriff Gillespie, he shall be dismissed as a defendant.

### C. First Cause of Action - Plaintiff's Individual Claim

Plaintiff alleges in her First Cause of Action that Rafael was subjected "to excessive force, thereby depriving *Plaintiff and Rafael* of certain constitutionally protected rights." Complaint (#1), ¶ 24 (emphasis added). Defendants construe this allegation as stating both a representative claim on behalf of Rafael's estate and an individual claim by Plaintiff. Because only Rafael was subjected to excessive force, Defendants contend that Plaintiff may pursue such a claim only in her capacity as representative of the estate, and her individual claim must be dismissed. In response, Plaintiff states that the reference to "Plaintiff and Rafael" was intended to refer only to "Plaintiff as Special Administratrix of Rafael's estate as well as to [Plaintiff's] Fourteenth Amendment familial loss claim."

To the extent Plaintiff's First Cause of Action may be construed to allege an individual excessive force claim by Plaintiff, the claim shall be dismissed. As the parties agree, the excessive force claim may be pursued by Plaintiff only in her capacity as representative of the decedent's estate. Further, to the extent Plaintiff intends the First Cause of Action to state an individual claim for loss of familial association under the Fourteenth Amendment, such claim shall be dismissed as duplicative of Plaintiff's Second Cause of Action. Thus, the court shall allow the First Cause of Action to go forward only as a representative claim for excessive force, and the motion to dismiss shall be granted as to any individual claims stated therein.

### D. First Cause of Action - Fifth Amendment Claims

Defendants next move to dismiss the First Cause of Action to the extent Plaintiff alleges violations of the Fifth Amendment, as distinct from the Fourth and Fourteenth Amendments. Plaintiff concedes that there is no viable Fifth Amendment claim of excessive force and voluntarily withdraws such claims. The motion to dismiss will therefore be granted in this respect.

### E. First Cause of Action - Fourteenth Amendment Claims

Defendants finally move to dismiss the First Cause of Action to the extent Plaintiff alleges violations of the Fourteenth Amendment. As Defendants contend, Plaintiff's First Cause of Action for excessive force claim is cognizable only as a Fourth Amendment claim, and not as a Fourteenth Amendment due process claim. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989). The motion to dismiss with therefore be granted in this respect.

## IV. Conclusion

IT IS THEREFORE ORDERED that Defendants' Partial Motion to Dismiss (#11) is GRANTED. Sheriff Douglas C. Gillespie is hereby dismissed as a defendant; all official capacity claims are hereby dismissed; and the First Cause of Action is dismissed in part and may proceed only as a Fourth Amendment excessive force claim by Plaintiff in her representative capacity.

IT IS SO ORDERED.

DATED this 30th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE